94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Homer R. HATFIELD, Plaintiff-Appellant,
v.
Paul RICHARDSON, et al., Defendants-Appellees.
 No. 94-2774.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.*
Decided Aug. 8, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Homer R. Hatfield sued the cities of Green Rock and Colona (Illinois), and several municipal officials and employees, claiming that they violated his Fourth Amendment rights by arresting him without probable cause, and his Fourteenth Amendment rights by using excessive force in doing so. 42 U.S.C. § 1983. Hatfield was represented by counsel in the proceedings below, and his attorney made the decision to sue defendants in their official capacity only. The district court granted summary judgment to defendants. Hatfield, acting pro se, appeals. We affirm.
 
 
 2
 Hatfield's daughter and grandson lived with him in Colona. One Sunday, Hatfield got into an argument with John Wassenhove, his daughter's estranged husband, when the latter returned his child after a court-arranged weekend visitation. Hatfield ordered Wassenhove off his property. Wassenhove then telephoned the county sheriff's department and complained that Hatfield had physically assaulted him.[1] Colona police officer Paul Richardson interviewed Wassenhove, who claimed that Hatfield grabbed him by the neck and pushed him. He informed Richardson that his wife and son had also witnessed the incident. Richardson called Andrew Dennhardt, a Green Rock police officer, and asked him to help arrest Hatfield for battery.
 
 
 3
 According to Hatfield, whose account of disputed facts we accept as true for the purpose of reviewing the grant of summary judgment against him. Smith v. City of Joliet, 965 F.2d 235, 236 (7th Cir.1992), he was standing inside his house when the officers, with guns drawn, came to his screen door and told him to come outside. Hatfield, who maintains he was standing still but had a cigarette in one hand behind his back, refused to come out after the officers told him they did not have a warrant. Hatfield's mother, who had seen the officers coming onto the property with guns drawn, came to the back of the house to address the officers. Then, Hatfield claims, as he turned away to tell his mother to go back into the house, the officers kicked down a side door and came after him; one kicked him in the back while the other held a gun to his head, even though he did not resist. The officers took him to the Colona police station. Only then did they tell him why he was being arrested.[2] Hatfield was kept at the station about twenty mintues. Officer Richardson then drove him back home. Hatfield's son-in-law filed a formal, written complaint the day after the arrest. The charges were later dismissed. Hatfield subsequently filed this suit against the cities of Corona and Green Rock, both arresting officers, and the Chiefs of Police of both cities. The suit specified that all were sued in their official capacity.
 
 
 4
 Hatfield first maintains that defendants violated his Fourth Amendment right to be free from unlawful seizure when they arrested him solely on the basis of an uninvestigated oral complaint. The gist of his argument is that the fact that his son-in-law bore no physical marks of an assault should have prompted the officers to investigate before making an arrest, and if they had investigated they would have found that the charges were unfounded. We have long recognized, however, that an officer who reasonably believes the report of a putative victim has probable cause to make a warrantless arrest, even if the report later turns out to be untrue. Gramenos v. Jewel Co., Inc., 797 F.2d 432, 439 (7th Cir.1986), cert. denied, 481 U.S. 1028 (1987). Hatfield provided no reasons, other than his son-in-law's lack of visible injuries and the fact that the charges against him proved to be untenable, why it was not reasonable for defendants to believe the complaint at the time it was made. Compare Hebron v. Touhy, 18 F.3d 421, 422 (7th Cir.1994). And his insistence that the officers violated Illinois law and procedure is to no avail. An infraction of state law will not support a claim under § 1983, which imposes liability only for violations of rights protected by federal laws and the federal Constitution. White v. Olig, 56 F.3d 817, 820-21 (7th Cir.1995). Consequently, the district court correctly concluded that Hatfield failed to show that defendants deprived him of a right which the federal constitution guarantees, and therefore cannot maintain his § 1983 claim. Kernats v. O'Sullivan, 35 F.3d 1171, 1175 (7th Cir.1994).
 
 
 5
 Hatfield next claims that the officers used excessive force in effecting his arrest, and argues that they are individually liable for their actions. Had Hatfield sued the officers in their individual capacities, the parties' drastically different versions of events would preclude summary judgment. Hatfield's attorney, however, chose to sue the defendants in their official capacities only. As the district court recognized, suing public servants in their official capacity is the same as suing the governmental body which employs them. Felton v. Board of Comm'rs of County of Green, 5 F.3d 198, 200 (7th Cir.1993). While Hatfield apparently argued before the district court that the municipalities and their police chiefs were liable under § 1983 for failing properly to train their officers, his appellate brief develops no substantive argument for municipal liability. Consequently, we consider it waived. Head Start Family Educ. Program, Inc. v. Cooperative Educ. Serv. Agency 11, 46 F.3d 629, 635 (7th Cir.1995). As a result, Hatfield's excessive force claim cannot succeed.
 
 
 6
 The district court correctly concluded that the disputed facts in this case are not material to its resolution. AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Hatfield denies that any assault occurred
 
 
 [2]
 The officers tell a different story. They claim they did not initially draw their guns, and told Hatfield at the outset that they were there to arrest him for battery. While they were speaking to Hatfield through the screen door, he acted in a threatening manner, kept one hand behind his back, and refused to show it to the officers. Fearing that Hatfield had a weapon, Officer Richardson broke in a side door to Hatfield's garage, entered the house, and arrested Hatfield. Officer Dennhardt, who concedes that he drew his gun and pointed it at Hatfield once Hatfield refused to show his hand, assisted in the arrest. The officers found no gun; they did find a lit cigarette on the floor after they handcuffed Hatfield